ORIGINAL

F I L E D
Clerk
District Court

OCT 1 7 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1   DANILO T. AGUILAR
    Attorney at Law
2   P.O. Box 505301
    First Floor, San Jose Court Building
3   Cor. Ghiyeghi St. & Wischira Way
    San Jose, Saipan, MP 96950
4   TELEPHONE: (670) 234-8801
    FAX: (670) 234-1251
5
6   Attorney for Plaintiffs RICARDO R. REYES, SET A. ALCARAZ, and ESTINILIE
              C. ALCARAZ
7
8             IN THE UNITED STATES DISTRICT COURT
9                        FOR THE
10        DISTRICT OF THE NORTHERN MARIANA ISLANDS

11  RICARDO R. REYES, SET A.           CIVIL ACTION NO. CV 04-0004
    ALCARAZ, and ESTINILIE C.
12  ALCARAZ,

13            Plaintiffs,

14        v.                            **PLAINTIFFS' PROPOSED
                                        JURY INSTRUCTIONS**
15  NEW SAIPAN DEVELOPMENT, INC.,
    CHEONG PUI NG and KEVIN
16  INTERNATIONAL CORPORATION,

17            Defendants.

18        COMES NOW Plaintiffs, by and through counsel of record, Danilo T.

19  Aguilar, and hereby submit their proposed jury instructions.

20        Dated this 17th day of October, 2005.

21

22                                    _____
                                      DANILO T. AGUILAR, F0198
23                                    Attorney for Plaintiffs

24

25

26

27

28

## 1.1 DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that they are owed overtime wages between the period of January 2000 to 2004, pursuant to the Fair Labor Standards Act.

The defendants denies those claims.

## 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

## 1.4 WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## 1.5 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### 1.7 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## 1.9 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the marshall to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### 4.6 DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

## 5.1 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## COMPLETE AFFIRMATIVE DEFENSE

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on plaintiff's claim for overtime compensation, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant..

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## PLAINTIFF'S CLAIM

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half overtime pay. The plaintiff claims that the defendant did not pay him the legally required overtime pay.

## ELEMENTS OF PLAINTIFF'S CLAIM

The plaintiff must prove each of the following by a preponderance of the evidence:

  1. That the defendant employed the plaintiff during the time period involved;

  2. That the defendant's business or businesses under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000; and

  3. That the defendant failed to pay the plaintiff the overtime pay required by law.

**FLSA INSTRUCTION NO. 3**
**DEFINITION OF COMMERCE**

The term "commerce" has a very broad meaning and includes any trade, commerce, transportation, transmission or communication between any state and any place outside that state.

## DETERMINING OVERTIME RATE

An employer must pay its employees at least one and one-half times their regular rate for overtime work.

An employee's regular rate is the basis for calculating any overtime pay due the employee.

The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half times that rate.

## BURDEN OF PROOF

If, after considering all of the evidence, you find that the plaintiffs have failed to prove one or more of the elements of each of their claim, your verdict must be for the defendant.

Even if the plaintiff has proven the elements of his claim, you must return a verdict for the defendant if the defendant proves by a preponderance of the evidence [clear and convincing evidence] that it is exempt from the overtime pay law.

If, however, you find that the plaintiff has proved by a preponderance of the evidence all of the elements of his claim, and that the defendant has failed to establish its claim of exemption from the overtime pay law, then your verdict must be for the plaintiff and you must determine the damages that the plaintiff is entitled to recover.

## MEASURE OF DAMAGES

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

## FLSA INSTRUCTION NO. 8
## LIQUIDATED DAMAGES

An employer who is found to be liable for payment of overtime under the Fair Labor Standards Act, is also liable for payment of liquidated damages.  An employer can escape liability for liquidated damages if the employer can show that it acted in good faith and had reasonable grounds to believe that its failure to pay overtime compensation to the employee was not a violation of the Fair Labor Standards Act.

If you find in favor of Plaintiff and find that he is entitled to compensation for unpaid overtime, you must award liquidated damages.

However, if the Defendant can show upon preponderance of the evidence that it acted in good faith and it had reasonable grounds to believe that nonpayment of overtime to Plaintiff was not a violation of the Fair Labor Standards Act, you may not award liquidated damages to the Plaintiff.  The burden of proof is on the Defendant to prove the facts that it acted in good faith and that it had reasonable grounds that it was not violating the Fair Labor Standards Act.

Good faith is a subjective requirement, shown if the employer had an honest intention to ascertain and and follow the dictates of the Fair Labor Standards Act.

The test for reasonableness is an objective one, which ignorance alone will not satisfy