COPY of Original Filed on this date

MAY 0 1 2003

Clerk
District Court
For The Northern Mariana Islands

DEFENDANT'S EXHIBIT
A

1  SUSANNE LEWALD, Regional Solicitor
   DAVID COLLINS, Senior Attorney
2  United States Department of Labor
   Office of the Solicitor
3  71 Stevenson Street, Suite 1110
   San Francisco, California 94105-2999
4
   Telephone: (415) 975-4480
5  Facsimile: (415) 975-4495

6  ATTORNEYS FOR THE PLAINTIFF

7
                IN THE UNITED STATES DISTRICT COURT
8
                   FOR THE NORTHERN MARIANA ISLANDS
9

10 ELAINE L. CHAO, Secretary of Labor,     )
   United States Department of Labor,     ) CASE NO.
11                                         )
              Plaintiff,                   ) CV 03-0012
12                                         ) C O M P L A I N T
        v.                                 )
13                                         ) (Fair Labor Standards Act
   NEW SAIPAN DEVELOPMENT, INC.,           )  of 1938, as amended)
14 a corporation; ROYAL CROWN INSURANCE    )
   CORPORATION, a corporation; CHEONG      )  Injunction, Backwages,
15 PUI NG a/k/a TONY C. P. NG,; and        )  Liquidated Damages
   KANG HO YU,                             )
16                                         )
              Defendants.                  )
17 _____)

18      Plaintiff Elaine L. Chao, Secretary of Labor, United States

19 Department of Labor, brings this action pursuant to Section 17 of

20 the Fair Labor Standards Act of 1938 (FLSA), as amended (29 U.S.C.

21 §201 *et seq.*) to enjoin Defendants from violating the provisions of

22 Sections 15(a)(2) and 15(a)(5) of the FLSA (29 U.S.C. §§ 215(a)(2),

23 215(a)(5)).  Plaintiff separately brings this action: (A) pursuant

24 to Section 16(c) of the FLSA (29 U.S.C. §216(c)) for the recovery

25 of a judgment against Defendants for unpaid overtime compensation

26 due to Defendants' employees and liquidated damages in an equal

27 amount; or (B) in the alternative, in the event liquidated damages

28 are not awarded, pursuant to Section 17 of FLSA (29 U.S.C. §217)

for the recovery of a judgment permanently restraining Defendants from withholding payment of unpaid overtime compensation due to the Defendants' employees, plus pre-judgment interest computed thereon.

## JURISDICTION

1. This court has jurisdiction pursuant to: (A) Sections 16(c) and 17 of the FLSA (29 U.S.C. §216(c) and §217); (B) 28 U.S.C. § 1331 (federal question); and (C) 28 U.S.C. § 1345 (United States as Plaintiff).

## THE PARTIES

2. Defendant New Saipan Development, Inc. is a corporation organized under the laws of the Commonwealth of the Northern Mariana Islands (CNMI), with its place of business located at The Royal Crown House, Beach Road, San Antonio, Saipan, MP 96950, which is within this court's jurisdiction.

3. Defendant Royal Crown Insurance Corporation is a corporation organized under the laws of the CNMI, with its place of business located at The Royal Crown House, Beach Road, San Antonio, Saipan, MP 96950, which is within this court's jurisdiction.

4. Defendant Cheong Pui Ng, a/k/a Tony C. P. Ng, is the sole shareholder and president of Defendant New Saipan Development, Inc. and Defendant Royal Crown Insurance Corporation. At all relevant times, Defendant Cheong Pui Ng has resided at The Royal Crown House, Beach Road, San Antonio, Saipan, MP 96950, which is within this court's jurisdiction.

5. During all relevant periods, Defendant New Saipan Development, Inc., Defendant Royal Crown Insurance Corporation, and Defendant Cheong Pui Ng separately and collectively engaged in an enterprise formed to construct certain improvements on real

1  property located in the CNMI.  This enterprise's principal place of
2  business is also located at The Royal Crown House, Beach Road, San
3  Antonio, Saipan, MP 96950, which is within this court's
4  jurisdiction.
5      6.  During the relevant periods, Defendant New Saipan
6  Development, Inc., Defendant Royal Crown Insurance Corporation, and
7  Defendant Cheong Pui Ng separately and collectively acted, directly
8  or indirectly, in the CNMI, in the interest of the enterprise in
9  relation to the employees identified in Exhibit A to this Complaint
10 within the meaning of Section 3(d) of the FLSA (29 U.S.C. §203(d)).
11     7.  Defendant Kang Ho Yu is the Secretary/Treasurer of
12 Defendant New Saipan Development, Inc., one of the participants in
13 the enterprise above. Defendant Kang Ho Yu resides at The Royal
14 Crown House, Beach Road, San Antonio, Saipan, MP 96950 which is
15 within the jurisdiction of the Court.  At all relevant times,
16 Defendant Kang Ho Yu acted directly or indirectly in the CNMI in
17 the interest of the enterprise in relation to the employees
18 identified in Exhibit A to this Complaint within the meaning of
19 Section 3(d) of the FLSA (29 U.S.C. §203(d)).

**GENERAL ALLEGATIONS**

21     8.  At all relevant times, Defendant New Saipan Development,
22 Inc. Defendant Royal Crown Insurance Corporation, and Defendant
23 Cheong Pui Ng separately and collectively employed, and are
24 employing, employees in and about their aforesaid place of business
25 in handling, selling or otherwise working on goods and materials
26 which were manufactured or produced outside the CNMI or which
27 otherwise originated from places outside of the CNMI.
28     9.  At all relevant times, the activities of Defendant New

1  Saipan Development, Inc. Defendant Royal Crown Insurance
2  Corporation, and Defendant Cheong Pui Ng, both separately and
3  collectively, were and are related and performed through unified
4  operation or common control for a common business purpose, and thus
5  constitute an enterprise within the meaning of Section 3(r) of the
6  FLSA (29 U.S.C. §203(r)).
7      10. At all relevant times, Defendants' enterprise had, and
8  has, employees engaged in commerce or in the production of goods
9  for commerce, including employees handling, selling or otherwise
10 working on goods that have been moved in or produced for commerce,
11 as aforesaid. Defendants' enterprise at all times hereinafter
12 mentioned has had, and has, an annual gross volume of sales made or
13 business done of not less than $500,000 (exclusive of excise taxes
14 at the retail level separately stated). By reason thereof,
15 Defendants' enterprise is an enterprise engaged in commerce or in
16 the production of goods for commerce within the meaning of Section
17 3(s)(1)(A) of the FLSA (29 U.S.C. §203(s)(1)(A)).

**VIOLATIONS**

19     11. Defendants repeatedly and willfully have violated, and
20 are violating, Sections 7 and 15(a)(2) of the FLSA (29 U.S.C.
21 §§ 207 and 215(a)(2)) by employing the previously-described
22 employees in commerce or in the production of goods for commerce,
23 or in an enterprise engaged in commerce or in the production of
24 goods for commerce for work weeks longer than forty (40) hours
25 since on or about September 6, 1998 without compensating said
26 employees for their employment in excess of forty (40) hours in
27 such workweeks at rates not less than one and one-half times the
28 regular rates at which they were employed.

12. Defendants repeatedly and willfully have violated, and are violating, Sections 11(c) and 15(a)(5) of the FLSA (29 U.S.C. §§ 211(c) and 215(a)(15)), in that since September 6, 1998 they have failed to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations duly promulgated under Section 11(c) of the FLSA (29 U.S.C. §211(c)) at 29 C.F.R. §516, in that the records kept by Defendants failed to show the hours worked each workday and each workweek, the regular rate of pay, the basis upon which wages are paid, and the total straight time and overtime earnings for each workweek, with respect to many of their employees.

13. During the period since on or about September 6, 1998, Defendants have willfully violated and are violating the aforesaid provisions of the FLSA.

14. A money judgment for unpaid overtime compensation due the Defendants' employees and liquidated damages in an amount equal thereto are specifically authorized by Section 16(c) of the FLSA (29 U.S.C. §216(c)).

15. A judgment permanently enjoining such violations and including the restraint of any withholding of payment of unpaid compensation due under the FLSA, is also specifically authorized by Section 17 of the FLSA (29 U.S.C. §217).

WHEREFORE Plaintiff prays for judgment:

i. Pursuant to Section 17 of the FLSA (29 U.S.C. §217), permanently enjoining Defendants, their officers, agents, servants, employees and all persons acting in their behalf and interest from violating Sections 15(a)(2) and 15(a)(5) of the FLSA (29 U.S.C. §§

215(a)(2) and 215(a)(15);

    ii. Pursuant to Section 16(c) of the FLSA (29 U.S.C. §216(c)), awarding Plaintiff money damages for unpaid overtime compensation found to be due to Defendants' present and former employees named in Exhibit A attached to the Complaint (and for any person added thereto at a later date) and an equal amount in liquidated damages;

    iii. In the alternative, in the event liquidated damages are not awarded pursuant to Section 17 of the FLSA (29 U.S.C. §217), for the recovery of a judgment enjoining Defendants from withholding payment of unpaid overtime compensation found by the Court due Defendants' employees, plus pre-judgment interest computed thereon;

    iv. Awarding Plaintiff her attorneys fees and costs; and

    v. Granting Plaintiff such other and further relief as the court determines is necessary and appropriate.

Dated: May 1, 2003

                      HOWARD M. RADZELY
                      Acting Solicitor of Labor

                      SUSANNE LEWALD
                      Regional Solicitor

By: _____
                  DAVID COLLINS
                  Senior Attorney

                  Attorneys for Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor

**EXHIBIT A**

1. Arasula, Ruben
2. Alcaraz, Gabriel
3. Alcaraz, Nathaniel
4. Alcaraz, Set A.
5. Chen, Guo Tai
6. Chen Huo Tai
7. Chen Kun Tai
8. Huang, Jun Han
9. Lin, Congn Zhen
10. Reyes, Ricardo
11. Rainier, Ignacio
12. Wu, Xian Zhong
13. Xu, Qing Xian
14. Yu, Han Chun
15. Zhan, You Can